**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000882
31-OCT-2016
08:14 AM**

NO. CAAP-15-0000882

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ONEWEST BANK, N.A., Plaintiff-Appellee,
v.
WARREN ROBERT WEGESEND, SR. and THELLDINE LINMOE WEGESEND,
Defendants-Appellants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR
WASHINGTON MUTUAL BANK and MILILANI TOWN ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, and
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0909)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendants-Appellants Warren Robert Wegesend, Sr. and Thelldine Linmoe Wegesend (together, **Wegesends**) appeal from the Judgment entered on October 22, 2015 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, the Wegesends contend the circuit court erred in (1) granting a motion to confirm the sale submitted by Plaintiff-Appellee OneWest Bank, FSB (**OneWest**),[2] and (2) denying

---

[1] The Honorable Bert I. Ayabe presided.

[2] The Wegesend's notice of appeal lists Appellee as "OneWest Bank, FSB" despite an order from the circuit court amending the caption to reflect OneWest's new business name, "OneWest Bank, N.A." For the purposes of this appeal, "OneWest" refers to both business names.

the Wegesends' motion to quash.[3]

## I.    BACKGROUND

On March 27, 2013, OneWest filed a complaint for foreclosure against the Wegesends.  OneWest filed a motion for summary judgment for a decree of foreclosure (**MSJ**) on May 1, 2014.  The circuit court granted OneWest's MSJ and entered a Judgment based on the MSJ order in favor of OneWest on September 11, 2014.

On June 19, 2015, OneWest filed "Plaintiff OneWest Bank N.A.'s Motion for Order Confirming Foreclosure Sale, Approving Commissioner's Report, Directing Conveyance of Property, Distribution of Proceeds and for Writ of Possession" (**OneWest's Motion to Confirm**).  The circuit court held a hearing on OneWest's Motion to Confirm on July 23, 2015, but the transcript of the hearing is not included in the record on appeal.

In response to OneWest's Motion to Confirm, the Wegesends filed "Defendants' Motion to Quash Notice of the July 23, 2015, Hearing to Confirm the Sale" on July 31, 2015 (**Wegesends' Motion to Quash**).  The Wegesends argued that their

---

[3] The Wegesends' opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), which provides, in relevant part:

> **Rule 28.  BRIEFS.**
>
> . . . .
>
> **(b) Opening brief.**  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
>
> . . . .
>
> (4) A concise statement of the points of error set forth in separately numbered paragraphs.  Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. . . .
>
> . . . .
>
> Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

(Emphases added.) Counsel for the Wegesends is warned that future violations of HRAP Rule 28 may result in sanctions.

counsel did not receive a copy of OneWest's Motion to Confirm, and that the circuit court should quash any order resulting from the hearing.

OneWest opposed the Wegesends' Motion to Quash, arguing that the motion "is nothing more than a dishonest effort to delay this case." OneWest attached a declaration from a messenger, employed by their counsel, who testified that she hand-delivered a file-stamped copy of OneWest's Motion to Confirm to an employee of the Wegesends' attorney.

The circuit court held a hearing on the Wegesends' Motion to Quash on September 29, 2015, but the transcript of the hearing is not included in the record on appeal.

On October 22, 2015, the circuit court entered an order granting OneWest's Motion to Confirm. The circuit court entered its Judgment pursuant to the order granting the Motion to Confirm on the same day.

On October 27, 2015, the circuit court entered an order denying the Wegesends' Motion to Quash.

On November 14, 2015, the Wegesends filed their notice of appeal from the circuit court's Judgment confirming the judicial foreclosure sale.

## II. STANDARD OF REVIEW

Appellate courts review "questions of constitutional law de novo, under the 'right/wrong' standard . . . ." In re Guardianship of Carlsmith, 113 Hawai'i 236, 239, 151 P.3d 717, 720 (2007) (quoting State ex rel Anzai v. City & Cty. of Honolulu, 99 Hawai'i 508, 515, 57 P.3d 433, 440 (2002)).

"At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest." Carlsmith, 113 Hawai'i at 239, 151 P.3d at 720 (emphasis omitted) (quoting State v. Bani, 97 Hawai'i 285, 293, 36 P.3d 1255, 1263 (2001)).

## III. DISCUSSION

Both of the Wegesends' points of error on appeal stem from their contention that the circuit court held a hearing without them receiving notice. The Wegesends cite to a

3

declaration that does not comply with Rule 7(g) of the Rules of the Circuit Courts of the State of Hawai'i (**RCCSH**), submitted by their trial attorney, Robert Stone (**Stone**), in support of the Wegesends' Motion to Quash that stated Stone had not received a copy of OneWest's Motion to Confirm. Stone's declaration does not comply with RCCSH Rule 7(g) because it fails to state in any manner that it is "subscribed as true under penalty of law" and is not dated.

In opposition to the Wegesends' Motion to Quash, OneWest submitted a declaration establishing that a messenger had hand-delivered a copy of OneWest's Motion to Confirm to an employee of the Wegesends' trial counsel. OneWest also submitted, based on a declaration of its counsel, other documents in support of its position that Stone had previously and improperly asserted a "lack of notice" claim in this case.

The circuit court held a hearing on the Wegesends' Motion to Quash before issuing its order granting the Motion to Confirm (**Order Confirming Sale**).[4] In addition, the Wegesends provide no response to OneWest's showing that the Wegesends' alleged lack of notice of the Motion to Confirm was harmless because it did not affect the outcome of the Motion to Confirm. In view of the material defects in the declaration of the Wegesends' counsel raising the lack of notice claim, the declarations and materials submitted by OneWest in opposing the Wegesends' Motion to Quash, the circuit court's providing the Wegesends with a hearing on their Motion to Quash prior to issuing the Order Confirming Sale, the Wegesends' failure to include a transcript of the hearing on the Motion to Quash in the record, and the Wegesends' failure to controvert OneWest's showing that any alleged lack of notice was harmless, we conclude that the Wegesends have failed to demonstrate their entitlement

---

[4] The Wegesends failed to include the transcript of the hearing on the Wegesends' Motion to Quash in the record on appeal. HRAP Rule 10(b) requires an appellant to request a transcript where the appellant "raise[s] any point on appeal that requires consideration of the oral proceedings before the court appealed from[.]" See Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).

to relief on their claims of error.

## IV.   CONCLUSION

Therefore, the Judgment entered on October 22, 2015 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, October 31, 2016.


On the briefs:

William H. Gilardy, Jr.
for Defendants-Appellants.

Craig K. Shikuma
Jesse W. Schiel
(Kobayashi Sugita & Goda)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5